Matter of Reillo v New York State Thruway Auth. (2018 NY Slip Op 02170)





Matter of Reillo v New York State Thruway Auth.


2018 NY Slip Op 02170


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-10657
 (Index No. 57712/16)

[*1]In the Matter of Anthony Reillo, appellant, 
v
New York State Thruway Authority, respondent.


Collins, Fitzpatrick & Schoene, LLP, White Plains, NY (Ralph F. Schoene of counsel), for appellant.
Eric T. Schneiderman, Attorney General, New York, NY (Anisha S. Dasgupta and Mark H. Shawhan of counsel), for respondent.



DECISION & ORDER
Appeal from a judgment of the Supreme Court, Westchester County (Rolf M. Thorsen, J.), dated September 8, 2016. The judgment denied a petition filed pursuant to CPLR article 78 and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The respondent New York State Thruway Authority (hereinafter the Thruway Authority) hired the petitioner as a maintenance worker in April 2005. In February 2015, the Thruway Authority charged the petitioner with disciplinary violations arising from incidents in September and December of 2014. The parties entered into a stipulation in settlement of the charges. The petitioner agreed to a one-year period of probation during which the Thruway Authority would have discretion to terminate his employment for any similar misconduct, and the determination that the petitioner had engaged in any such misconduct was to be made at the sole discretion of the Thruway Authority. In February 2016, the Thruway Authority terminated the petitioner's employment based on incidents that occurred on December 29, 2015, and December 30, 2015. The petitioner then commenced this proceeding to direct the Thruway Authority to reinstate him to his former position and to recover lost income. The Supreme Court denied the petition and dismissed the proceeding, and the petitioner appeals.
Contrary to the petitioner's contention, the Supreme Court properly determined that he failed to comply with CPLR 7804(c). CPLR 7804(c) provides that when a CPLR article 78 proceeding is commenced against a "state body or officers" by a notice of petition, the notice of petition must be served upon the Attorney General. Here, upon conducting a "particularized inquiry" into the nature of the Thruway Authority and the statute claimed to be applicable to it (John Grace & Co. v State Univ. Constr. Fund, 44 NY2d 84, 88; see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 387), we conclude that the Thruway Authority is a "state body" for the purposes of CPLR 7804(c) (see Easley v New York State Thruway Auth., 1 NY2d 374, 376). Accordingly, since the Attorney General was not served, the court properly denied the petition and dismissed the [*2]proceeding.
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court